UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BILLY J. LEMOND, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:18-CV-853-JD-MGG |
| WARDEN, | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Billy J. Lemond, a prisoner without a lawyer, filed a motion to reconsider the court's October 30, 2018, order denying his habeas corpus petition. ECF 5. In the petition he filed with this court, Lemond challenged the disciplinary sanctions in case ISF 18-03-0070 where a Disciplinary Hearing Officer (DHO) found him guilty of false reporting in violation of Indiana Department of Correction policy A-100. ECF 1 at 1, ECF 1-1 at 4. As a result, he was sanctioned with the loss of 90 days earned credit time and a one-step demotion in credit class. ECF 1-1 at 9. However, as noted in the court's October 30, 2018, order, these sanctions were suspended and had not been imposed when Lemond filed his petition. ECF 1-1 at 9, 12, ECF 2. Because they had not been imposed, Lemond had not yet lost earned credit time nor been demoted in credit class as a result of his hearing. ECF 2. Therefore, the court denied Lemond's petition and dismissed his case because his disciplinary hearing had not resulted in the lengthening of the duration of his confinement. *Id*.

In his motion, Lemond asks the court to reconsider its decision to deny his petition and dismiss his case for a number of reasons. First, he asks the court to consider the due process claims he alleges in his petition. ECF 5 at 1. Second, Lemond asserts several new grounds for why the court should grant his motion—including the fact the negative conduct report makes him ineligible for the prison's time cut programs and precludes him from being able to apply for "any restoration of good time [credits] lost in the future." ECF 5 at 1. And, on a final note, he argues his conduct report will impact any request he may have to modify his sentence. *Id*. at 1-2.

After careful consideration of his motion, the court finds Lemond has not raised any legitimate grounds for overturning the court's October 30, 2018, ruling on the issue that his disciplinary hearing did not result in the lengthening of his confinement. In other words, Lemond has failed to present any evidence that the disciplinary sanctions imposed in case ISF 18-03-0070 lengthened the duration of his confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement). However, if Lemond wishes to litigate the issues he raised in his petition—although speculative and prospective at best—he would need to do so in a civil rights complaint brought pursuant to 42 U.S.C. § 1983. *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001) (noting that Section 1983 is the appropriate vehicle to challenge more restrictive custody). Therefore, there is no habeas corpus relief available for Lemond with respect to this disciplinary hearing.

For these reasons, the motion to reconsider (ECF 5) is DENIED.  The court reminds Lemond that, if at a later time, the suspended sanctions are imposed, he can file another habeas corpus petition challenging them.

SO ORDERED on January 2, 2019

                                                /s/ JON E. DEGUILIO
                                      JUDGE
                                      UNITED STATES DISTRICT COURT